IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| DAVETTE BROWN<br>550 Magnolia Ave.<br>Cuyahoga Falls, Ohio 44221<br><br>Plaintiff,<br><br>v.<br><br>SENIOR LIVING EE GROUP, LLC<br>395 South Main Street<br>Munroe Falls, Ohio 44262<br><br>Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT**<br><br>**(Type of Case: Discrimination)**<br><br>(Jury Demand Endorsed Hereon) |

## INTRODUCTION

1. Plaintiff Davette Brown is a United States Citizen and Summit County, Ohio resident.

2. Brown is a former employee of Senior Living EE Group, LLC ("Senior Living").

3. Senior Living, is a foreign company that employs individuals working at Mulberry Gardens Assisted Living ("Mulberry Gardens") with a place of business at 530 South Main Street, Suite 1751, Akron Ohio 44311.

4. At all times material herein, Senior Living was Brown's "employer" within the meaning of Ohio Rev. Code § 4112.

5. The conduct and injuries giving rise to the claims below arose in Summit County.

6. Personal jurisdiction is proper over the Defendant pursuant to Ohio Revised Code §2307.382(A)(1).

7. Venue is proper pursuant to Civ.R. 3(B)(3).

EXHIBIT 1

8. Within 300 days of the conduct alleged below, Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2022-02559, which was dual filed with the Ohio Civil Rights Commission ("OCRC").

9. On November 23, 2022, Brown received a Right to Sue letter, dismissing Charge No. 532-2022-02559, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

10. Brown has properly exhausted her administrative remedies.

11. Brown files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

## FACTUAL ALLEGATIONS

12. Brown incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

13. Senior Living hired Brown as a resident assistant at Mulberry Gardens on or about August 1, 2021.

14. Throughout Brown's employment she experienced racist comments by residents and coworkers.

15. On multiple occasions, residents referred to Brown as a "fat black bitch."

16. On multiple occasions, Brown's coworkers referred to her as "colored."

17. Brown complained about the racist comments to a supervisor, Diana (last name unknown), but Brown is unaware of Mulberry Gardens taking any action in response to those complaints.

18. Mulberry Gardens has two sides of the facility, referred to as "Goodyear" and "Firestone."

19. Brown was originally assigned to the Goodyear side, which has the more difficult and combative residents.

20. At the end of March 2022, a family on the Goodyear side told management that they "did not want to see [Brown's] black face anymore."

21. In response to the client's racist remarks, Brown was reassigned to the Firestone side of the facility.

22. Brown was informed by management that they were moving her for her own safety, as they were concerned that if the racist family were to see me, they could make allegations of abuse or neglect.

23. Even in the case of an unfounded and unsubstantiated allegation, the facility would still be required to suspend Brown without pay pending an investigation, and her STNA license could be in jeopardy.

24. On April 27, 2022, Brown's direct supervisor ne Downes instructed Brown to work on the Goodyear side of the building.

25. Brown informed Downes that, per management, she was not to work on the Goodyear side.

26. In response, Downes told Brown to work on the Goodyear side, and to simply "hide" if the racist family was visiting the facility that day.

27. Brown objected to Downe's instruction, if Brown had to "hide" during her shift it could create unsafe conditions for the other residents.

28. Downes relayed the conversation between Brown and herself to the DON, Nealy Kalista, and the facility operator Toni Hamel.

29. Hamel accused Brown of being difficult, told her to go home, and that Downes would call her about her schedule.

30. Brown did not receive a call the next day, so on April 29, 2022 Brown called Downes, who immediately terminated her for purportedly being a no-call/no-show.

31. Other STNAs who were actually no-call/no-shows for work that same week were not terminated.

32. Brown was actually terminated because of her race.

33. Alternatively, Brown was terminated because she opposed the race discrimination and hostile work environment based on race.

## FIRST CAUSE OF ACTION
### (Race Discrimination)

34. Brown incorporates by reference the allegations from the preceding paragraphs as if fully restated herein.

35. Defendant treated Brown, an African American, differently than Caucasian employees in the same position.

36. Defendant discriminated against Brown in respect to the terms and conditions of her employment, on the basis of race.

37. Defendant's discrimination against Brown was in contravention of Ohio Rev. Code § 4112.

38. As a result of Defendant's unlawful conduct, Brown has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## SECOND CAUSE OF ACTION
### (Retaliation)

39. Brown incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

40. Defendant terminated Brown in retaliation for Brown's engagement in activity protected by Ohio Rev. Code § 4112.

41. Defendant's termination of Brown was in contravention of Ohio Rev. Code § 4112.

42. As a result of Defendant's unlawful conduct, Brown has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## CONCLUSION

Plaintiff Davette Brown seeks judgment against the Defendant, for each count, in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in his favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to, back pay, future losses, reinstatement and promotion.

Respectfully Submitted,

*/s/ Claire I. Wade*
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney for Plaintiff Davette Brown*

## JURY DEMAND

Plaintiff Davette Brown demands a trial by jury by the maximum number of jurors permitted.

/s/ Claire I. Wade
Claire I. Wade (0093174)

*Attorney for Plaintiff Davette Brown*

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2023-01-0133

DAVETTE BROWN
550 Magnolia Ave.
Cuyahoga Falls, OH, 44221

-VS-

SUMMONS

SENIOR LIVING EE GROUP, LLC
395 South Main Street
Munroe Falls, OH 44262

**TO the following:**

SENIOR LIVING EE GROUP, LLC
395 South Main Street
Munroe Falls, OH 44262

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

CLAIRE I WADE
2460 Fairmount, Suite 314
Site 370
Cleveland Heights, OH 44106

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

January 18, 2023